UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID F. SCHWARTZ and
JANE S. SCHWARTZ,   **DECISION AND ORDER**
   04 CV 4614 (ADS) (JO)

        Plaintiffs,

        v.

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendant.
----------------------------------------------------------X

**APPEARANCES**:

**DANIEL S. PERLMAN**
Attorney for the Plaintiffs
295 Madison Avenue
New York, New York 10017

**SHAPIRO, BEILLY, ROSENBERG,
ARONOWITZ, LEVY & FOX, LLP**
Attorneys for the Defendant
225 Broadway - 13th Floor
New York, New York 10007
    By:    Barry I. Levy, Esq.

**SPATT, District Judge**:

Presently before the Court are the plaintiffs' objections to the September 12, 2005 Order ("Order") by United States Magistrate Judge James Orenstein denying the plaintiff's request for a 30-day extension of the September 12, 2005 discovery deadline set forth in Judge Orenstein's Case Management and Scheduling Order ("Scheduling Order") dated January 6, 2005.

## II. BACKGROUND

David F. Schwartz and Jane S. Schwartz (collectively, the "plaintiffs") commenced this action against Metropolitan Property and Casualty Insurance Company (Metropolitan or the "defendant") in the Supreme Court of the State of New York, County of Suffolk, seeking to recover the proceeds of an insurance contract. The action was removed to this Court by the defendant on October 25, 2004 on the basis of diversity jurisdiction under Title 28 of the United States Code, §§ 1332 & 1441.

On January 6, 2005, the parties were present at an initial conference before Judge Orenstein. On the same day, Judge Orenstein entered the Scheduling Order requiring the parties to complete all discovery by September 12, 2005. This order gave the parties nine months to conduct discovery. The Scheduling Order also provides that "no request for an extension of the discovery deadline submitted less than 30 days before the scheduled close of discovery will be granted absent extraordinary circumstances"; and that any request for modification of the scheduling order must be submitted in writing, in accordance with Judge Orentstein's individual rules, and in accordance with Administrative Order 2004-08 (requiring electronic filing). Judge Orenstein's Individual Rule II.D states that a party submitting a request by fax must first file the request electronically via Electronic Case Filing ("ECF").

By letter dated September 9, 2005, the plaintiffs' attorney sought a 30-day extension of the September 12 discovery deadline because he failed to secure a date on which to conduct depositions during the nine month period allotted for discovery. The plaintiffs' request was made by fax and was not filed electronically until four days later on September 13, 2005. By Order dated September 12, 2005 Judge Orenstein denied the plaintiffs' request for an extension of time because "[t]he application was made by fax, and was not filed electronically, in violation of Administrative Order 2004-08 and also in violation of Paragraph VII of the Case Management and Scheduling Order in this case" and "the application was made less than 30 days before the scheduled close of discovery and states no extraordinary circumstances."

## II.    DISCUSSION

### A.    Standard of Review

Pre-trial discovery issues are generally considered nondispositive matters. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). When considering objections to a magistrate judge's ruling on a nondispositive matter, a district judge will modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." Rule 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to

3

law."). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

A party seeking to overturn a discovery order therefore bears a heavy burden. See Com-Tech Assocs. v. Computer Assocs. Int'l, 753 F. Supp. 1078, 1098-99 (E.D.N.Y. 1990), aff'd, 938 F.2d 1574 (2d Cir. 1991). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15, 2002) (citing Lanzo v. City of New York, No. 96 CV 3242, 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999)).

**B.     The September 12, 2005 Order**

The plaintiffs' attorney does not dispute that his request for an extension of the discovery deadline violates Judge Orenstein's Scheduling Order. Nor does the plaintiffs' counsel offer any legal argument as to why Judge Orenstein's Order denying his application for an extension is clearly erroneous or contrary to law. In

fact, the plaintiff does not recite the appropriate standard of review.  Rather, the plaintiff offers that Judge Orenstein's Order is "unduly harsh."  At most, the explanations given by the plaintiffs' lawyer as to why he failed to comply with the Scheduling Order exhibit a lack of diligence on his behalf in attempting to comply with the requirements of the Court.  Specifically, this last minute application was necessitated by plaintiffs' counsel's "simple inability" to confirm that his client would be available on September 7 for the defendant's deposition "due to the Labor Day holiday and August vacations."  The plaintiff's lawyer has admitted that this failure was his own fault and that it was "not extraordinary."  Lastly, the plaintiffs' attorney admits that he "[has] no excuse for not filing [his] application electronically on September 9."  Based on the foregoing, the Court finds that it was within Judge Orenstein's discretion to deny the plaintiffs' request for an extension of time within which to complete discovery.  Accordingly, the plaintiffs' objections are denied.

### III.     CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Petitioner's objections to Judge Orenstein's Order dated September 12, 2005 are **DENIED**.

**SO ORDERED**.

Dated: Central Islip, New York
October 17, 2005

                                                        */s/ Arthur D. Spatt*
                                                          ARTHUR D. SPATT
                                                United States District Judge